## SUPREME COURT.

THE INTERNATIONAL LIFE ASSURANCE COMPANY, of London, agt. THE COMMISSIONERS OF TAXES.

THE BRITISH COMMERCIAL LIFE INSURANCE COMPANY agt. THE SAME.

Under the statute (*Laws of* 1855, *chap.* 37, *p.* 44), all corporations not created by the laws of this state are to be regarded as *non-residents*, and if they transact business within this state they shall be assessed and taxed, on all sums invested in any manner in said business, the same as if they were residents of this state.

And this statute includes *foreign corporations*, who are required, by the act of 1853, to deposit with the comptroller a like amount of like securities with domestic corporations, before they shall be permitted to transact any business within the state. These deposits are considered the capital upon which such corporations, both foreign and domestic, are authorized to transact business within the state, and such capital is liable, under the statute, to taxation equally alike. But where such deposits, or any portion thereof as capital, consist in the stocks of the United States, it is not subject to taxation.

*New - York General Term, December,* 1858.

THE plaintiffs in the above entitled suits are foreign corporations or associations, organized under acts of parliament of Great Britain, for the purposes of insurance.

By section 15 of chapter 463, Laws of 1853, it is provided that any company, organized under the laws of any foreign government, is authorized to do business within this state, by

depositing with the comptroller of this state, for the benefit of the policy holders of such company, citizens or residents of the United States, securities of the kind required by the sixth section of that act, for similar companies of this state, and shall have appointed an attorney in this state representing the company, and upon whom all legal process can be served, and on doing these acts may commence business in this state.

The plaintiffs in each of these actions have complied with the provisions of this act, by depositing with the comptroller each the sum of $100,000, in the securities required by the act, and have each established an agency for the transaction of business in the city of New-York.

Of the sum so deposited by the plaintiffs in the second above entitled action, $50,000 was invested in the stocks of the United States.

The defendants, as commissioners of taxes, assessed each of the plaintiffs for the taxes of the year 1858, in the sum of $100,000 as liable to taxation on that amount of personal property.

The judge, at special term, held the plaintiffs legally assessed in the first above entitled cause, to the full amount of the sum so deposited with the comptroller, and that the defendants had wrongfully assessed the plaintiffs in the second above entitled cause, in the sum of $100,000, and that said assessment should be reduced to $50,000, on the ground that the $50,000 invested in stocks of the United States was not liable to taxation.

The plaintiffs have appealed from the orders made in both suits, and the defendants from that part of the order made in the second suit, reducing the assessment therein to $50,000.

J. W. GERARD, JR., *for plaintiffs in first suit.*
C. A. RAPALLO & D. LORD, *for plaintiffs in second suit.*
A. R. LAWRENCE, JR., *for defendants.*

By the court—DAVIES, P. Justice. Taxes are contributions imposed by the government for the support of the state. In all just governments it should be a cardinal principle that such

impositions should be equal, and that all the property within the state should contribute its equal share of the burden imposed. This is upon the principle, that, as all property within the state is equally protected by its laws and institutions, so all property within its boundaries should alike equally contribute to their maintenance and enforcement. In this spirit, our Revised Statutes have declared, that "all lands and personal estate within this state, whether owned by individuals or by corporations, shall be liable to taxation, subject to the exemptions hereinafter specified." (1 *Rev. Stat. p.* 387, *title* 1, *sec.* 1.) By section 5 of title 2, it is declared that every person shall be assessed in the town or ward where he resides when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, &c.

Corporations are to be assessed in the town or ward in which the principal office or place of transacting the financial business of such company is situated. (*Section* 2, *of title* 4, *p.* 414, 1 *R. S.*)

The property of these plaintiffs, they being non-residents of the state, would seem not to be taxable, unless the same is regarded as being in the possession or under the control of their agent residing in this state. That view of the case will be hereafter considered.

In the case of *Wilson* agt. *The Mayor, &c.* (1 *Abbott, p.* 4), it was held, after a very full and minute examination of the statutes, that persons not inhabitants of this state were not taxable on their personal property used and employed in business in this state. In other words, personal property will only be taxed where the owner resides. This case was decided in 1854, and probably had some influence upon the passage of the act of 1855.

This act declares that all persons or associations doing business in this state, and not residents thereof, shall be assessed and taxed, on all sums invested in any manner in said business, the same as if they were residents of this state. (*Laws of* 1855, *chap.* 37.)

It is insisted, on the part of the plaintiffs, that this act has no application to them ; that they are neither persons nor associations, and, therefore, unaffected by its provisions.

They have each $100,000 invested in the business carried on by them in this state, and which is declared to be a fund for the security of their creditors within the United States. The provision of our statutes, in reference to corporations, is, that they are liable to taxation upon their capital. (1 *R. S.* 414, § 1.) And the capital, subject to taxation as such, is defined by the court of appeals to be that fund upon which the corporation transacts its business, which would be liable to its creditors, and in case of insolvency pass to a receiver. (*Mutual Ins. Co.* agt. *Supervisors of Erie County*, 4 *Coms.* 448.) We have seen that these deposits made by these plaintiffs are to be held as a fund to meet their liabilities to their creditors. By the sixth section of the act of 1853, companies organized under that act were to have a capital of $100,000, before they could proceed to the transaction of business, and this, in the seventh section of the act, is denominated capital. On this capital our domestic corporations are liable to taxation, and the legislature has declared, by the 15th section, that no foreign corporation shall be permitted to transact any business within this state, until it deposits a like amount of like securities, and for the same purpose, with the comptroller.

Do the foreign corporations, with their capital of a like amount with the domestic, and both formed for the same purpose, stand in a more favorable position than the domestic, in reference to taxation? Is the foreign capital exempt, while the domestic is taxed? Upon the point we are now considering, the solution of this question depends upon the construction to be given to the act of 1855.

If its language is sufficiently broad to include these plaintiffs, there can be no question that they have been legally assessed.

It seems to us that the case of *The People* agt. *Utica Ins. Co.* (15 *John.* 258, *and the cases there cited*), are quite decisive on this point, and the rules there laid down, as applicable to the

construction of statutes, may well be applied here. See also the case of *Ontario Bank* agt. *Brownell* (10 *Wend.* 186). We think it follows, from these authorities, that this statute may be regarded as including corporations, and we conclude, therefore, that corporations, not created by the laws of this state, are to be regarded as non-residents, and, if they transact business within this state, they shall be assessed and taxed, on all sums invested in any manner in said business, the same as if they were residents of this state. As to their funds and means employed in business within this state, they have the same burdens imposed on them as residents of this state, and no greater.

A corporation created by another state, it is now well settled, is a citizen or resident of the state creating it. (*Louisville Railroad Co.* agt. *Letson*, 2 *How. U. S. Rep.* 497.)

But, supposing, for any cause, the corporation or association of the plaintiffs is not liable to be assessed and taxed; upon what principle can their property, under the control and in the possession of their agent, be exempt?

Section 5, of title 2d, already referred to (1 *Rev. St. p.* 389), declares that every person shall be assessed in the town or ward where he resides, when the assessment is made, for all personal estate owned by him, including all personal estate in his possession or under his control as agent, trustee, &c.

Now, we think, it may be fairly argued that this fund, deposited with the comptroller as a security for the policy owners, is in the possession and under the control of the plaintiffs' agents resident within this state, within the meaning of this section, and liable to be assessed.

But as the assessment has not been made in that form, it is unnecessary definitely to pass upon this point. As to that portion of the capital or fund of the plaintiffs in the second suit, invested in the stock of the United States, we think the same is not taxable, and that the order of the special term in that respect was correct. (1 *Kent's Com. 9th ed. p.* 474; *Weston* agt. *The City of Charleston*, 2 *Peters' U. S. Rep.* 449.)

The order appealed from by the plaintiffs in the first above

entitled cause is affirmed with costs; and the order appealed from in the second above entitled. cause is affirmed without costs to either party, on the appeal.