# SUPREME COURT.

THE PEOPLE, &C., *ex rel.* THE BANK OF THE COMMONWEALTH, agt. THE COMMISSIONERS OF ASSESSMENTS AND TAXES IN THE CITY OF NEW-YORK.

The *capital stock* of banking incorporations in this state, which is invested in *stocks of the United States*, is liable to *taxation.*

*New-York, Special Term, July,* 1859.

THIS case was argued in May last, on a *mandamus* proceeding against the defendants, to compel them to deduct the sum of $103,000 from a taxable capital of $750,000 levied upon their capital stock. The plaintiffs claimed that the said sum of $103,000 was a portion of their capital stock invested in stocks of the United States, and was therefore exempt from taxation under the constitution. The tax commissioners held to the contrary, and refused to abate the tax. The question is one of great importance, as a large portion of capital invested in banking in this city is represented by United States stocks.

A. W. BRADFORD, *for plaintiffs.*
R. F. ANDREWS, *for defendants.*

SUTHERLAND, Justice. After a good deal of consideration, I am of the opinion that the commissioners of assessments, in

determining the amount for which the relators should be assessed, did right, after deducting from $750,000, the amount of their capital stock paid in, or secured to be paid in, the sum of $188,834.84, paid for their real estate, in refusing to deduct the further sum of $103,000, the portion of their capital stock invested in stocks of the United States.

The question has been somewhat complicated by the amendments in 1853 and 1857 to Title 4, Chap. 13, of Part 1st of the Revised Statutes (1 *Rev. Stat.* 414); but I think, notwithstanding these amendments, the commissioners did right in refusing to make the deduction.

There is no doubt that, by the provisions of this title, as they were before these amendments, the relators were liable to taxation on the amount of their capital stock *paid in, or secured to be paid in,* after deducting the sums paid for real estate, and the amount of their stock, if any, belonging to the state, or to incorporated literary and charitable institutions, irrespective of its investment at all, or, if invested, irrespective of the manner of its investment, and of its accumulations or losses or value. (1 *Rev. Stat.* 414, *title* 4, §§ 1, 2, 6, 10; *The People* agt. *The Supervisors of Niagara,* 4 *Hill,* 22 ; *Bank of Utica* agt. *City of Utica,* 4 *Paige,* 399.)

Under the provisions of the Revised Statutes, before the act of 1857, the relators were liable to be taxed on the nominal amount of their stock itself, paid, or secured to be paid in, and not upon its value.

By the act of 1853 (*Laws of* 1853, *Chap.* 654), they were liable to be taxed, not only upon the nominal amount of the stock paid in, or secured to be paid in, but also upon the amount of all surplus profits, or reserved funds, exceeding ten per cent. of their capital, after deducting the amount paid for their real estate, and the amount of their stock, if any, belonging to the state, &c.

By the Laws of 1857 (*Vol.* 2, *Chap.* 456), "the capital stock of every company liable to taxation, except such part of it as shall have been excepted on the assessment roll, or shall have been exempted by law, together with its surplus profits or re-

served funds, exceeding ten per cent. of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations, actually owned by such company, which are taxable upon their capital stock under the laws of the state, shall be assessed at its actual value, and taxed in the same manner as the other personal and real estate of the county."

I am aware that a very strong argument can be made, for such an argument was made by the counsel for the relators in this case, to show that to hold in this case, under the provisions of the Revised Statutes as thus amended, that the relators are liable to taxation on their capital stock to be assessed *at its actual value* without reference to its investment or to what it is invested in, would be an evasion of the constitution of the United States, and of the decisions of the federal court under it, and a sacrifice of substance to form; but without undertaking to answer this argument at large, I will say, that sometimes words are things; and as the legislature have chosen to say that the capital stock of the company paid in, or secured to be paid in, shall be taxed, at its actual value, on the shareholders, irrespective of the mode or manner of its investment, I am not willing to circumscribe state sovereignty by holding that they had not power to say so.

The capital stock of the company is taxable as a distinct thing from the stock which it holds in other companies.

The holders of its shares might have been taxed for their shares; but these shareholders are not taxed as such, and the company is to be taxed for all the shares except those belonging to the state, &c. It is the shares of its own stock which are taxable at their actual value, and not the shares which the company owns of the stock of other companies, or of the public stocks of the United States.

The assessment complained of in this case by the Bank of the Commonwealth was not on United States stock held by the bank, but on its own stock as a distinct thing, and as such having a known and distinct value.

In the case of *Norton* agt. *City of Charleston*, in the supreme

court of the United States (2 *Peters*, 449), the tax was imposed on the United States stock, " *eo nomine*."

In *McCulloch* agt. *State of Maryland* (4 *Wheat.* 436), it was held, that the interest, which a citizen held in the Bank of the United States, was taxable by the state. In the case of the *British Commercial Insurance Co.* agt. *The Commissioners of Taxes* (17 *Howard* 206; *S. C.* 28 *Barb.* 318), the stock deposited with the comptroller did not consist of shares of the company's own capital stock, but was a distinct fund or deposit of stock.

Upon the whole, I am of the opinion that the relators are bound to pay the tax as assessed by the commissioners, and that the proceedings of the commissioners should be affirmed, with costs.