## SUPREME COURT.

THE PEOPLE, &c., *ex. rel.* THE BANK OF THE COMMONWEALTH in New York agt. THE COMMISSIONERS OF ASSESSMENTS AND TAXES of the City and County of New York.

*United States Stocks* are exempt from *taxation* by law, and owners of such stocks cannot be taxed for the value of them as for personal property.

The statute relative to taxation of capital of moneyed corporations, (1 *R. S.*, *5th ed.*, *p.* 944,) construed.

This case distinguished from *British Com. Life Ins. Co.* agt. *Commissioners of Taxes*, (28 *Barb* 318,) and from *Mutual Ins. Co. of Buffalo* agt. *Supervisors of Erie*, (4 *Coms.*, 548.)

The statutes relative to the *taxation* of *bank capital* are not, in so far as they provide by state authority, for the taxation of any part of their capital invested in U. S, stocks, *unconstitutional.*

The stock of a moneyed corporation, when paid in, becomes *as stock*, liable to taxation, irrespective of the property in which the money so paid in may be invested.

If such investment is made in U. S. Stocks, such investment cannot affect the taxation.    (*This decision affirms that of Judge* SUTHERLAND *at special term, reported* 18 *How. Pr. R.* 245.)

*General Term, First District, November*, 1860.

SUTHERLAND, P. J., INGRAHAM and BONNEY, J.J.

THE Bank of the Commonwealth, the relator in this case, is a banking association in the city of New York, formed under the act to authorize the business of banking, passed April 18, 1838.    Its capital stock actually paid in amounts to $750,000, of which the sum of $188,884.84, is invested in real estate occupied as a banking house, &c., which sum

being deducted from said capital, leaves a balance of $561,165.16.

Of this balance, the sum of $103,300 has been invested by the bank in United States stocks of the loan of 1858, which stocks and the certificates therefor it now owns and holds; and the bank claims that said stocks, and the amount of the capital of the bank invested therein, are under the constitution of the United States exempt from taxation.

The commissioners of taxes and assessments of the city and county of New York, denied the application and petition of said bank to have said sum of $103,000, so invested in United States stocks, deducted from the amount of its capital liable to taxation for the year 1859, as personal property, and decided that such sum was not exempt as claimed—and they assessed the capital stock of the bank liable to taxation as personal property for the year 1859, at said sum of $561,165.16.

On the relation of the bank a writ of *certiorari* was issued to said commissioners, who have made return thereto, showing the facts above stated, upon which this court, at special term in July, 1859, decided and adjudged that said assessment be confirmed, with costs, against the relator; and from that decision appeal has been taken to the general term.

A. W. BRADFORD and IRVING PARIS, *for appellants.*
RUFUS F. ANDREWS, *for respondents,*

argued, viz:

*First.*—The capital stock of a bank is the representative of its circulation, and whether it be in the United States stocks or otherwise, it stands merely in a representative capacity. The tax in question, is not a tax upon the United States stocks *as such,* but is a tax upon the *fund* which it represents. (4 *Wheaton,* 436.)

By the court, BONNY, Justice. The question to be deter-

mined in this case is of very great importance, and should receive a more deliberate and careful examination than the press of business in this court will permit us now to give it. The case, however, will undoubtedly be carried to the court of last resort for final adjudication, and I have therefore less hesitation in stating the conclusion at which, upon brief consideration, I have arrived.

The question, in my opinion, depends entirely upon the construction to be given to the "Act in relation to the assessment of taxes on incorporated companies," passed April 15, 1857, (*Laws of* 1857, *vol.* 2, *ch.* 456, *p.* 1,) and for the purposes of this decision, I assume that all stocks of the United States, are exempt from taxation by the state governments; and not only that *such stocks cannot be so taxed; eo nomine*, but that individuals who are the owners and holders thereof cannot be taxed for the amount or value of the same as for personal property owned by them. (1 *Kent's Com.*, 6*th ed.* 425, *&c.*; *Weston* agt. *City of Charleston*, 2 *Peters' U. S. R.*, 449, 469; *McCullough* agt. *State of Maryland*, 4 *Wheat.*, 316; *International Life Ass. Society* agt. *Commissioners of Taxation*, 28 *Barb.* 318.)

This relator, (the Bank of the Commonwealth,) is a domestic corporation, created by and under the laws of this state, and subject to its authority and legislation.

The statutes of this state relative to this subject, provide as follows, (1 *R. S.*, (5*th ed.*,) *p.* 944, *&c.*:)

§ 1. All moneyed or stock corporations deriving an income or profit from their capital, or otherwise, shall be liable to taxation on their capital, in the manner hereinafter prescribed.

§ 3. The president, &c., of every such corporated company shall, on or before the first day of July, in each year, make and deliver to the assessors a written statement specifying:

1. The real estate (if any) owned by such company, where situated, and the sums actually paid therefor.

2. The capital stock, actually paid in and secured to be paid in, excepting therefrom the sums paid for real estate and the amount of such capital stock held by the state and by any incorporated literary or charitable institution; and

3. The town or ward in which the principal office of the company is situated, or its business is carried on, or in which it is liable to be taxed.

§ 7. The assessors shall enter in their assessment rolls as follows:

1. In the first column, the name of each incorporated company liable to taxation, and, under its name, shall specify the amount of its capital stock paid in; the amount paid by such company for real estate then belonging to it, wherever situated; the amount of its surplus profits or reserved funds, exceeding ten per cent. of its capital after deducting therefrom said amount of said real estate; and, the amount of its stock (if any) belonging to the state and to incorporated literary or charitable institutions.

2. In the second column, the quantity of real estate owned by such company within their town or ward; and in the third column, the actual value thereof, estimated as in other cases.

3. In the fourth column, the amount of capital stock of every such company paid in, and secured to be paid in, and of all such surplus profits or reserved funds as aforesaid, after deducting the sums paid out for real estate then belonging to it, and the amount of stock (if any) belonging to the state and to incorporated literary and charitable institutions.

§ 10. "The capital stock of every company liable to taxation, except such part of it as shall have been excepted in the assessment roll, or as shall have been exempted by law, together with its surplus profits or reserved funds exceeding ten per cent. of its capital, after deducting the assessed value of its real estate, and all shares of stock in other corporations actually owned by such company which are tax-

able upon their capital stock under the laws of this state, shall be assessed at its actual value and taxed in the same manner as other personal and real estate of the county."

Under these statutory provisions, the assessment in this case has been made on said balance of the capital stock of the relator, and, as it appears to me, in exact accordance with these provisions. There is no question here of surplus profits or reserved funds, or as to the actual value of the stock, (whatever may be the meaning of that phrase as used in section 10, above referred to,) neither does it appear that any part of said stock was held by the state, or by any incorporated literary or charitable institution, or was excepted in the assessment roll, or was by law exempted from taxation.

But the relator insists that a deduction should have been made, not of any particular part or shares of the stock, as being for any cause exempt by law from taxation, but of the sum of $103,000 from the aggregate amount of the whole capital stock not invested in real estate, for the reason that such an amount ($103,000) of the moneys paid in for shares in said capital had been by the bank invested in stocks of the United States, and that such United States stocks are not subject to taxation by state authority.

Under the statutes above referred to, as I understand them, taxes are assessed upon the amount of the capital stock of a corporation ascertained in the manner prescribed, and not upon any property purchased or otherwise obtained by the corporation, or in which such capital or any part thereof may be invested—excepting only the real estate held by the company, which is subject to special rules of taxation, and must be assessed at the place where situated, whether in this state or elsewhere; and it is to be observed that the statute neither requires or authorizes the insertion in any statement made under section 3, above referred to, of an account or statement of the use made by a corporation of any part of its capital or other property, excepting

only the part which has been used in the purchase of real estate, nor any specification of the personal property held by such corporation.

In my opinion these statutes clearly require that every moneyed or stock corporation shall be assessed for and pay taxes upon the whole amount of the balance of its capital stock paid in and remaining after deducting the shares of stock excepted or exempt as above mentioned, notwithstanding a portion or even the whole of such balance may be invested in stocks of the United States held by such corporation.

And this conclusion in my judgment, does not conflict with the decision in the case of the *British Commercial Life Ins. Co.* agt. *Commissioners of Taxes*, (28 *Barb.*, 318.) That life insurance company was a foreign corporation, using a portion of its property in carrying on business in this state, and under the laws of the state, liable to taxation therefor. It stood in the same position as a non-resident natural person, and the assessment was on the property held in this state, and not upon any shares or portion of the capital stock of the company under its charter.

Neither, as I understand them, are the definitions of terms " *capital stock*," or " *capital*," given in the opinions in the case of the *Mutual Ins. Co. of Buffalo* agt. *Supervisors of Erie*, (4 *Com.*, 548,) in any respect inconsistent with this conclusion.

But it is urged on behalf of the relator, that the said statutes, if this be their true construction, are unconstitutional, in so far as they provide for or authorize taxation by state authority of any part of the capital stock of the corporation which is invested in stocks of the United States. I cannot assent to that proposition. The state of New York has, by its laws, created or authorized the formation of this commonwealth bank and other like corporations, granting to them certain powers and privileges, and has

also provided by law for the taxation of the capital stock of every such corporation.

As soon as the capital stock of any such corporation is paid in, it becomes *as stock*, the subject of, and liable to, taxation; and as I view the law, it must, during the continuance of the corporation, remain so liable to taxation as stock irrespective of the property in which the money paid for the stock may be invested, or any use that may be made of such money by the corporation, and if any part of the money paid in for its stock shall at any time be invested in stocks of the United States, such investment cannot affect the right of taxation, for the reason that the assessment of taxes is not upon the stocks of the United States or other property owned or held by the corporation, excepting only its real estate, but continues to be as it was before such investment was made, an assessment on the capital stock of the company, created under the laws of the state, and thereby expressly made the subject of taxation. The corporation which accepts and enjoys the privileges granted, must take them *cum onere*.

And, in my opinion, there is no foundation for the suggestion now made, that the decision by the court below is an evasion of the admitted rule of law, that United States stocks are not liable to taxation by state authority. It is not in form merely, but in fact and in principle, that this assessment of taxes is upon the capital stock of the relator, and not upon the property in which the money paid in for that capital is invested; which property may be and doubtless is changing from day to day. But to permit the relator to escape taxation upon so large a portion of its capital, because it has seen fit to invest such portion in stocks of the United States, would in my judgment be an evasion of the law of the state, which created the corporation, and made it liable to taxation on the amount of its capital.

The order made at special term should be affirmed, with costs.