———◆◇◆———

## NEW YORK COMMON PLEAS.

In the Matter of the Petition of BERNARD SMYTH, Receiver of Taxes, agt. THE INTERNATIONAL LIFE ASSURANCE COMPANY of London.

A *foreign corporation* doing business in this state is to be regarded as *non-resident;* and it is to be assessed and taxed upon all moneys in any manner invested in this state, the same as if it was a resident corporation; and the securities deposited with the comptroller are personal property, liable to taxation. Such an insurance corporation cannot exempt itself from this taxation, on the ground that it is not *doing business* in this state, by alleging and proving that it is now confined to collecting premiums and paying losses on old policies; and that it issues no new policies. This must be considered "doing business," within the meaning of the stasute, although it may be contracted.

The remedy by the receiver of taxes, for the collection and payment of such taxes from such corporations, is the same as against individuals.

*Special Term, April,* 1868.

THIS was a proceeding to enforce the payment of tax upon personal property imposed upon the International Life Assurance Company of London.

This company has heretofore been taxed in this state as a foreign corporation doing business here. The act of 1860 authorizes any foreign corporation, organized under foreign laws, to do business in this state, upon depositing with the comptroller, for the benefit of the policy holders, securities to the amount of $100,000; and a subsequent act provides that "All persons doing business in the state of New York, who are not residents, shall be assessed and taxed upon all sums invested in said business, the same as if residents of this

state." The court of appeals held, in an action against the company, that a foreign corporation doing business in this state is to be regarded as non-resident; and that it is to be assessed and taxed upon all moneys in any manner invested in this state, the same as if it was a resident corporation; and that the securities deposited with the comptroller are personal property, liable to taxation. The company now resists payment of tax upon the amount for the past year, on the ground that they are not doing business in this state, their agent testifying that the business of the company was now confined to collecting premiums and paying losses on old policies, and that they issued no new policies. This, it was contended, was not " doing business," within the meaning of the statute.

Abraham R. Lawrence, Jr., *and*
A. J. Smith, *for petitioner.*

*First.* That portion of the deposit which the defendants have made with the superintendent of the insurance department, which consists of bonds and mortgages, is liable to taxation, as the capital of the defendants and as a sum invested in their business. (*The International Life Ins. Co.* agt. *Com. Taxes, Supreme Court,* 28 *Barb* 318; *British Com. Life Ins. Co.* agt. *Com. Taxes, Court of Appeals,* 28 *How. Pr. R. p* 41; *Laws of* 1855, *p.* 44, *ch.* 37; *Laws of* 1853, § 15, *ch.* 463.)

*Second.* It is admitted that the principal place of business and office of the defendants is situated in the first ward of the city of New York, and consequently the authority to tax the defendants in this city cannot be disputed. (*Lawrence's Tax Laws, p.* 7; 1 *R. S.* 909, 5*th ed.; see cases cited supra, and* 31 *N. Y. p.* 32; *Holbrook's affidavit.*)

*Third.* It is not competent for the defendants in this proceeding to question the validity of the tax, inasmuch as their remedy was by a *certiorari,* under the act of 1859, to review the assessment made by the commissioners of taxes and assessments. (*Lawrence's Tax Laws, p.* 91, § 20; *Laws of* 1859, *p.* 678.)

*Fourth.* The pretence that the defendants are not doing business in this state is not justified by the papers which are before the court. The defendants, according to their own showing, are engaged in receiving premiums on policies heretofore issued, and in paying such losses as they may sustain.

The fact that they do not issue any new polices, or, in other words, do not *increase* their business, does not aid them. The receiving of premiums is the transaction of business.

*Fifth.* As to the proceeding to compel the payment of the tax, see *Lawrence's Tax Laws, p.* 60.)

*Sixth.* The word person, when used in tax statutes, includes a corporation. (*United States* agt. *Amedy,* 11 *Wheat.* 392; *People* agt. *Utica Ins. Co.* 15 *John.* 358; *Stat*

*of Indiana* agt. *Woram*, 6 *Hill*, 33; *Angell & Ames on Corporations*, *pp.* 472, 473, § 441.)

J. W. GERARD, JR., *for respondent.*

BARRETT, J.   The objections to the petition, and all other technical objections, are sufficiently answered by the reference to Judge BRADY's opinion in the matter of *Kelly's Application* (10 *Abb. Pr. R.* 209).

1.  The proceedings have been conducted in strict conformity to the views there expressed.

2.  There is nothing in the point that the receiver is authorized by the act of 1867 (*Session Laws, p.* 752, § 11) to proceed by suit.   That provision is specially applicable to individuals as well as corporations, and is plainly cumulative.

3.  It is too late for the defendants to object to the legality of the tax; nor can that question be considered here.   The remedy was by *certiorari* to review the assessment made by the commissioners.   It must be assumed, therefore, that the tax was justly imposed, and that the defendants were possessed at the time of the amount of personal property referred to in the petition.   But, were the question open to review, the following authorities and statutes would seem to be decisive against the position taken by the defendants: *British Com. Life Ins. Co.* agt. *Com. Taxes*, 28 *How. Pr. R.* 41; *International Life Ins. Co.* agt. *Com. Taxes*, 28 *Barb.* 318; *Laws of* 1853, *ch.* 463, § 15; *Laws of* 1855, *ch.* 37.   The case of the *People* agt. *The New England Mutual Life Ins. Co.* (26 *N. Y.* 303) had reference only to corporations organized under the laws of the other states of the Union, and not to those of other countries.

4.  The bonds and mortgages on deposit with the superintendent of the insurance department are assets of the company.   They are choses in action, upon which levy cannot be made according to law, and are applicable to the payment of the tax.

5.  The company is still transacting business in this city,

and the bonds and mortgages so on deposit are a substitute for the capital of our own corporations. They constitute the security which our laws compel the defendants to afford to their creditors here. The fact that no new policies are issued does not involve a cessation or liquidation of the business.

The business of accepting yearly premiums upon outstanding policies, and of paying the losses which may accrue thereon, still continues. The utmost that can be claimed is that the business has been contracted, and that its area is being further limited by the company, so that it is in a fair way, in case such policy be adhered to, of gradual extinction.

6. The only difficulty, in my mind, is in reference to the enforcement of the tax by the present proceedings. But a careful examination of the various statutes referred to has convinced me that the order for payment should be granted without considering, upon this application, the question as to whether it will be practically effectual. That is a matter which the applicant has doubtless considered, and upon which, as it may form the subject of another application, I express no opinion. It is clear, however, that the legislature intended to authorize the collection of the tax by the same summary proceedings as those applicable to individuals. By the laws of 1862 (*ch.* 152, *p.* 319), sections 18, 19, 20 and 21 of the act of 1843 (*ch.* 230, *p.* 314) were repealed. These sections provided for the sequestration of the property of corporations, in case of the inability of the receiver of taxes to collect the tax imposed. By the repeal of these sections, corporations are left in the same category as individuals, and the provisions of section 15, to the effect that the receiver, in case of the non-payment upon demand of the taxes assessed upon incorporated companies in the city, shall proceed in the collection and payment thereof in the same manner as in other cases, clearly, and without the previous ambiguity consequent upon the seeming conflict with other

sections, subjects these companies to the same proceedings as those provided for individuals. By permitting sections 16, 17, 18, 19 and 20 of title 3, chapter 13, part 1 of the Revised Statutes to remain unrepealed, the legislature unmistakably indicates its intention of confining the change of remedy to corporations in this city; for these latter sections are very similar to those contained in the act relative to the collection of taxes in the city of New York, and they still continue, so far as I have been able to discover, unrepealed, and applicable to the collection of taxes from corporations located elsewhere in the state.

An order must therefore be made requiring the payment of the tax.