[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 95 
The regularity of these assessments has been fully considered in two other cases between the same parties, in respect to the tax assessed by these towns for the year 1866.* In those cases the question came up from the General Term of the Supreme Court, where it had been taken by certiorari, and the validity of the assessments sustained. The subject has been there examined in detail. If the assessments were a nullity, or void for the want of jurisdiction to impose them, it must be conceded that these actions were well brought. (Whitney v. Thomas, 23 N.Y., 281.) The lands in that case were assessed to William Merritt as the lands of a resident. The lands belonged in fact to Ogden, a non-resident; but they were not so assessed, and appeared on the assessment roll as the lands of a resident. The lands having been sold by the comptroller of the State, the non-resident owner brought ejectment and recovered them. The *Page 98 
sale was held to be void. The comptroller was without any authority of law to make a sale for taxes of lands assessed on the roll to a resident owner, and his deed as well as the sale was void. The assessment was also held to be void in that case for another reason, affecting the jurisdiction of the assessors. The lands were not assessed according to the fact, either as the lands of a resident owner or of a non-resident. They were assessed to a third person, who had no ownership or possession, and no connection with them. It was not a mere error of the assessors, but a disregard of the facts of the case. They entered a false judgment, not warranted by any facts proven. It could not be called a mistake of law or fact, such as the assessors, acting as quasi judicial officers, might honestly make. It was simply an assessment, without the slightest color to warrant or authorize it. Assessors can have no jurisdiction to assess any of the lands in their town to third persons who do not own, possess or have any connection therewith. It was there said: "If lands, belonging either to a resident or non-resident, could be assessed to a third person, having no connection with the premises, and be made the foundation of a sale and conveyance by the comptroller, great inconvenience and injustice might result. The true owner would be misled. He would have no notice of the assessment or of the proceedings upon it, and it would require extraordinary vigilance to discover and trace out such proceedings." This case was much relied on by the respondent's counsel, but it is not applicable here, unless the assessors were without jurisdiction. Jurisdiction is a subject which relates to the power of the court, and not to the right of the parties as between each other. (People v. Sturtevant, 9 N.Y., 269.) If the law confers the power to render a judgment, then the court has jurisdiction; what shall be adjudged between the parties, and with which is the right, is judicial action by hearing and determining it. (TheState of Rhode Island v. The State of Massachusetts, 12 Peters, 718.)
When a court has jurisdiction, it has a right to decide every *Page 99 
question which occurs in the cause; and whether its decision be correct or otherwise, its judgment is binding in every other court. But if it act without authority, its judgments are nullities. (Elliot v. Piersol, 1 Peters, 328, 340; Wilcox
v. Jackson, 13 Peters, 511.)
When the statute prescribes the mode of acquiring jurisdiction, the mode pointed out must be complied with, or the proceeding will be a nullity. (Bloom v. Burdick, 1 Hill R., 130.)
Objections not relating to the jurisdiction of the officer cannot be raised collaterally. (Rusher v. Sherman, 28 Barb. R., 416; Stanton v. Ellis, 2 Kern., 575.)
These axioms are elementary.
The assessors of the towns of Hamburgh and Evans had jurisdiction to assess all the lands in their respective towns. It was made their duty, peremptorily, to do so. An error of judgment, as to the right or duty to impose the assessment on particular lands in the town, as to which an exemption is claimed, is not jurisdictional. (Barhyte v. Shepherd,35 N Y, 238.)
A flagrant disregard of the facts, or assessing in opposition to the clear and undisputed facts, where the application of the statute could not by any means be doubtful, might, as in the case of Whitney v. Thomas (supra), present a case where the officer would be without jurisdiction — assessing the lands of Ogden, a non-resident, as the lands of Merritt, a resident, who was neither an owner nor occupant, nor in any way connected with the land, appears to be such a flagrant disregard of the facts as to be a willful perversion of judgment, not to be regarded as an error, but as a judgment without jurisdiction. I think the Court of Appeals so regarded it. The application of the principle to the facts of each particular case is often attended with difficulty.
The assessors are quasi judicial officers, and the assessment roll, when finally completed by the supervisors of the county, stands as a judgment. (Barhyte v. Shepherd, supra; Swift v.The City of Poughkeepsie, 37 N.Y., 511.) *Page 100 
The validity of a judgment which is not void, but only voidable, cannot be assailed collaterally. It can be attacked for fraud, or mistake as to the facts, only by a direct issue as to such facts. The case of Swift v. The City of Poughkeepsie
(37 N Y, 511), like the present one, was an action to recover for money had and received under an alleged illegal levy and collection of a tax. The court there said that "a party cannot proceed a step in such an action, if, in order to sustain it, the court is called upon to review the merits or the regularity of the proceedings or determination, as the result of which the money was collected or paid over" (p. 514). It was also held that the proper remedy was by certiorari. The application of that remedy, in cases of irregular or illegal assessments, has since been affirmed, in People v. The Board of Assessors ofBrooklyn (39 N.Y., 81,) and People v. The Assessors ofAlbany, (40 N.Y., 155.)
The informalities of the affidavit of the assessors do not render the assessment void. The statute is substantially followed. (Parish v. Golden, 35 N.Y., 462.) The objection that the Superior Court of Buffalo had no jurisdiction of this action is not tenable.
Persons having causes of action against the county are authorized to commence their suits against the board of supervisors, and process shall be served on the chairman or clerk. (1 R.S., 901, §§ 1, 2, 3, 5th ed.)
The summons was served in this case on the clerk of the board, at the city of Buffalo. This is to be regarded as a personal service on the board. The statute gives that court jurisdiction in any case where the defendant is personally served with summons in that city. (Sess. Laws 1854, p. 225.)
The board represents the county as a municipal corporation, and Buffalo is the county seat, where the sessions of the supervisors are held. The clerk resides and was served in that city. I think the defendants have been so served as to be within the meaning of the statute above referred to in regard to the jurisdiction of that court. On the ground first mentioned *Page 101 
the judgment should be reversed and a new trial ordered, with costs to abide the event.
* See The People ex rel., c., v. Barker, ante, p. 70.