(8 Misc. Rep. 11.)

AUSTIN, Tax Receiver, v. WESTCHESTER TELEPHONE CO.

(Superior Court of New York City, General Term.   April 2, 1894.)

**1. PLEADING—DENIAL ON INFORMATION AND BELIEF.**

In an action to recover taxes, a denial on information and belief of the allegations in the complaint as to the assessment and the delivery of the assessment roll to plaintiff, with warrant for collection, is frivolous, and raises no issue, as the allegations denied refer to matters of record. Sedgwick, C. J., dissenting.

**·2. TAXATION—IMPROPER ASSESSMENT—CORRECTION.**

An improper assessment can be corrected only by certiorari to review the decision of the tax commissioners, and cannot be attacked collaterally.

**3. SAME—COLLECTION BY ACTION—DEMAND.**

Under Laws 1892, c. 58, § 2, which repealed the provisions of previous laws that a corporation cannot be sued for taxes until a demand therefor has been made on the proper officer, a demand is unnecessary, though the tax sued for was assessed before the passage of the act of 1892.

**·4. TAXATION OF CORPORATIONS—ACTION FOR TAXES—PLACE OF ASSESSMENT.**

In an action against a telephone company to collect taxes assessed against it in New York City, the complaint alleged that defendant had filed its certificate in the clerk's office of said city, thereby designating its principal office in New York City. The answer admitted filing the certificate in New York City, but denied designating therein its principal office, and alleged that at the time of the assessment all its property, franchises, and business were situated outside of New York City. *Held* a sufficient denial to raise the issue of defendant's liability to taxation in New York City, since a telephone company can file its certificate where it has established any office (Laws 1848, c. 265, § 2), but is only taxable where its principal office actually is.

**·5. SAME—NATURE OF BUSINESS—INFERENCE FROM CORPORATE NAME.**

The nature of the business of a corporation may be inferred from the corporate name.

Appeal from special term.

Action by David E. Austin, as receiver of taxes in the city of New York, against the Westchester Telephone Company to recover taxes assessed against defendant for the years 1889 and 1890. From an interlocutory judgment entered on a demurrer, and from a judgment entered on the pleadings, defendant appeals. Reversed.

Argued before SEDGWICK, C. J., and DUGRO and GILDER-SLEEVE, JJ.

John H. Cahill (John C. Tomlinson, of counsel), for appellant.
John G. H. Meyers, for respondent.

GILDERSLEEVE, J.   This is an appeal from a judgment entered upon the pleadings, in favor of the plaintiff and against the defendant, for the sum of $1,275.31.   The action was brought to recover certain personal taxes assessed against the defendant for the years 1889 and 1890.   To the amended answer the plaintiff first demurred, and the demurrer was sustained in part and overruled in part.   Upon the pleadings as they then stood, after such demurrer had been in part sustained, the plaintiff moved for judgment upon the ground that the amended answer was frivolous.   This motion was granted, and judgment for plaintiff was duly entered.   Defendant appeals from this judgment, and brings up for review the

order directing judgment upon the pleadings; also, the order so far as it sustains plaintiff's demurrer, and the interlocutory judgment entered thereon.     The amended complaint sets forth two distinct causes of action, the first covering the tax assessed for the year 1889, and the second covering the tax assessed for the year 1890; but, as the pleadings as to each cause of action are the same, it will only be necessary to consider one cause of action.

The complaint alleges, and the answer admits, that plaintiff was duly appointed receiver of taxes, that defendant is a domestic corporation, and that the taxes have not been paid.     But, as to all allegations dealing with the assessment of the tax, viz. that defendant was duly assessed, that such assessment was duly made, that it was duly confirmed by the board of aldermen, that the tax was duly imposed by said board, that the assessment roll showing said assessments and the amount of said tax was duly delivered to plaintiff, with a warrant commanding him to collect such tax, that such warrant was in due form of law, that public notice, as required by law, was given, and that a warrant was duly issued to a marshal, and duly returned unsatisfied, the amended answer alleges no knowledge or information sufficient to form a belief, and therefore denies the same.     The complaint also alleges that "the defendant heretofore filed its certificate of incorporation in the clerk's office of the city and county of New York, thereby designating its principal office or place for transacting its financial concerns in the city of New York."     The amended answer, while admitting that defendant filed its certificate of incorporation in the office of the clerk of the city and county of New York, denies that it therein designated the city of New York as its principal office or place of transacting its financial concerns; and, as a separate defense, the amended answer alleges that, at the times in question, all its property, franchises, rights, and business were situated outside the city and county of New York.     The amended answer also, while admitting the taxes were unpaid, denies, upon information and belief, that the same had been legally assessed, or had been lawfully and duly demanded of an officer of the defendant.     It also sets up as a separate defense, upon information and belief, that more than one year had elapsed after the cause of action had accrued before the action was commenced.     The demurrer was sustained as to the separate defenses above referred to,—i. e. that at the times in question all defendant's property, franchises, rights, and business were situated outside the city and county of New York, and that more than one year had elapsed after the cause of action had accrued before the commencement of the action,—and overruled as to the denials contained in the amended answer above set forth.     Then, after the demurrer had been so sustained as to the aforesaid separate defenses, judgment, as we have above stated, was granted upon the rest of the amended answer as frivolous.

The denial on information and belief of the allegations in the complaint as to the assessment of defendant, the confirmation of the assessment, the delivery of assessment roll to plaintiff, with warrant for collection, etc., created no issue, and was properly deemed

frivolous by the learned court below. Such allegations refer to matters of record open to public inspection, and want of knowledge and information can only arise from an unwillingness to learn the facts. McLean v. Electric Co. (Super. N. Y.) 19 N. Y. Supp. 906; 2 Wait, Pr. 423; Ketcham v. Zerega, 1 E. D. Smith, 554. Also, with regard to the denial, upon information and belief, that the taxes had been legally assessed, or had been lawfully and duly demanded of an officer of the defendant, the amended answer is insufficient. If the assessment was inequitable or improper, it can only be corrected by direct proceedings against the commissioners to review their decision by certiorari; it cannot be attacked collaterally. Smyth v. Assurance Co., 35 How. Pr. 126; Swift v. City of Poughkeepsie, 37 N. Y. 511; Buffalo & S. L. Railroad Co. v. Erie Co. Sup'rs, 48 N. Y. 93, 99; Barhyte v. Shepherd, 35 N. Y. 238; Austen v. Supply Co;[1] People v. Manhattan Fire Ins. Co.[2] With regard to the denial of the demand upon an officer of the defendant, it may be said that, since no allegation of demand was necessary, the allegation in the complaint was mere surplusage, and the denial in the amended answer raises no issue of the least importance. It is true that prior to February 25, 1892, before the receiver of taxes could proceed in enforcing the collection and payment of taxes against corporations in the same manner as against individuals, i. e. by summary proceedings (Laws 1882, c. 410, § 857) or by action (Id. § 863), he was obliged to make a demand on the president or other proper officer of the corporation (Id. § 848); but section 848 was amended by Laws 1892, c. 58, § 2, which, as amended, went into effect on February 25, 1892, by which amendment the necessity of a demand on an officer was repealed. This action was commenced subsequently to February 25, 1892, and so, according to the law as it then stood and has since stood, no demand was necessary. See Lewis v. City of Buffalo, 29 How. Pr. 335; Howell v. City of Buffalo, 2 Abb. Dec. 412, 417; Town of Duanesburgh v. Jenkins, 57 N. Y. 177; Southwick v. Southwick, 49 N. Y. 517; Neass v. Mercer, 15 Barb. 318; People v. Mitchell, 45 Barb. 208; Washburn v. Franklin, 35 Barb. 599; Hackley v. Sprague, 10 Wend. 114.

There now remains to be discussed the question as to whether the answer raised an issue as to the residence of defendant, and its liability to be taxed in New York City. There is no statement in the complaint or answer as to the business carried on by the defendant, or under what law it was organized. Some of our laws require the certificate of incorporation to designate the principal office of a corporation, and some do not, but no inference can be drawn from the mere place of filing. If, as its name would indicate, defendant, the Westchester Telephone Company, was a telephone company organized under the telegraph act, it could file its certificate where any office of such company was established (Laws 1848, c. 265, § 2), but would only be taxable where its principal office in fact was (1 Rev. St. 389, § 6). In the absence of proof to the contrary, the court may infer the nature of the business from a name imply-

---

[1] See note 1 at end of case.          [2] See note 2 at end of case.

ing organization for that purpose.    See Rake Co. v. Marsh, 6 Fish. Pat. Cas. 393, Fed. Cas. No. 4,014; McLean v. Electric Co., (Super. N. Y.) 19 N. Y. Supp. 906.    The complaint proceeded on the theory that the defendant was assessed as a moneyed or stock corporation, having its principal office in the city of New York, and was, as such, assessable in this city.    But its only allegation bearing upon the residence of defendant is that "the defendant heretofore duly filed its certificate of incorporation in the clerk's office of the city and county of New York, thereby designating its principal office or place for transacting its financial concerns in the city of New York." To this the amended answer replies:    "Defendant admits having heretofore filed its certificate of incorporation in the clerk's office of the city and county of New York, but denies designating therein its principal office or place for transacting its financial concerns in said city of New York."    And it supplements this denial by alleging in its separate defense that, "at the time of the alleged assessment of taxes and issuing of the warrants for the collection of the same to the plaintiff herein, all the property, franchises, rights, and business of defendant were situated outside of the city and county of New York, in the state of New York."    We are of opinion that this is a sufficient denial to raise the issue of the residence and liability of defendant to taxation in this city.    If, as a matter of fact, the defendant was not a resident of the city of New York, the commissioners of taxes had no jurisdiction over it, and any tax assessed here was void.    Austen v. Telephone Co., 73 Hun, 96, 25 N. Y. Supp. 916; Sisters of St. Francis v. Mayor, etc., of New York, 51 Hun, 355, 3 N. Y. Supp. 433; In re Babcock, 115 N. Y. 450, 22 N. E. 263. In Austen v. Telephone Co., supra, the supreme court, general term, first department, held that when the statute under which a domestic corporation is organized does not fix its residence, or require the location of its place of business or principal office to be stated, in its articles of incorporation, a statement in such articles of a place at which its principal office shall be located is binding neither upon the corporation nor the taxing officers, for the purpose of fixing the place where the corporation shall be assessed for personal taxation under the statute (1 Rev. St. 389, § 6), but its residence is deemed to be where its principal place of business is actually situated.    If, as is claimed by plaintiff's attorney in his brief, and as we believe we may infer, although it does not appear from the complaint or amended answer, the defendant was organized under the telegraph act of 1848, it is of little consequence whether the certificate of incorporation designated this city as its principal place of business or not; the question to be determined was, where was its principal place of business actually situated?    This issue was, we think, sufficiently raised by the amended answer.    The pleadings present an issue of fact, which defendant was entitled to have tried. For the reasons above stated, the order of the special term sustaining in part plaintiff's demurrer to the amended answer must be set aside, and the interlocutory judgment entered herein on June 29, 1893, vacated, and the order of June 22, 1893, directing judgment in favor of the plaintiff upon the pleadings as frivolous must be set

aside, and the judgment entered herein on the 1st day of August, 1893, in favor of the plaintiff and against the defendant, must be reversed, and a new trial ordered, with costs to abide the event.

DUGRO, J., concurs.

SEDGWICK, C. J.   Upon a motion for judgment upon the answer as frivolous, a plaintiff cannot succeed if argument be necessary to show that the answer is frivolous.   In my opinion, the proposition requires argument that the plaintiff need not prove the sufficiency of the assessment and the subsequent proceedings if the defendant makes denials of the sufficiency upon a want of information and belief.   It may be argued without manifest frivolity or absurdity that the defendant was under no obligation to go to any trouble or expense to find the records, to peruse them with minuteness, or to make up an opinion as to their character in law or in fact.   I agree with Judge Gildersleeve in his view of the allegations as to the situs of defendant's property, and in the result announced by him.

### NOTE 1.

The case of Austen, tax receiver, v. Electric Const. & Supply Co. was heard at chambers in the superior court of New York City.   The following memorandum of decision was filed by Judge Gildersleeve on October 8, 1893: "I am of opinion that the allegations set forth in the answer, to which the plaintiff demurs, are not sufficient.   If the assessment was inequitable, defendant's remedy was by direct proceedings on certiorari, and not by a collateral attack, such as is made in this case.   People v. Manhattan Fire Ins. Co., note 2, infra; Smyth v. Assurance Co., 35 How. Pr. 126; Swift v. City of Poughkeepsie, 37 N. Y. 511; Buffalo & S. L. R. Co. v. Erie Co. Sup'rs, 48 N. Y. 93, 99.   The assessors are quasi judicial officers, and the assessment rolls, when finally completed by the tax commissioners of the county, stand as a judgment.   Swift v. City of Poughkeepsie, 37 N. Y. 511; Barhyte v. Shepherd, 35 N. Y. 238, and cases above cited.   Nor is the allegation of the answer that the defendant corporation has no funds or assets sufficient. There is no law which requires the receiver of taxes, as a condition precedent to his recovery, to show funds in possession of the corporation.   The statute (section 863 of the consolidation act) confers authority upon the receiver of taxes to maintain an action to recover taxes imposed for personal property upon any person or corporation; and, indeed, it is within the bounds of possibility that a corporation may have no funds in hand, as alleged in the answer herein, and yet may have claims due it, or be entitled to assets, which its judgment creditor, by an appropriate proceeding, may be able to collect. The demurrer must be sustained, with costs."

### NOTE 2.

The case of People v. Manhattan Fire Ins. Co. was heard in the supreme court, New York county, at chambers.   The following memorandum of decision was filed by Mr. Justice Lawrence on June 16, 1890: "I am of the opinion that the report of the referee in this case should be confirmed, and the exceptions taken thereto overruled.   The status of the corporation as to its liability for taxation became fixed upon the second Monday of January, 1888. People v. Commissioners of Taxes, 91 N. Y. 602; Sisters of St. Francis v. Mayor, etc., of New York, 112 N. Y. 677, 20 N. E. 417; Id., 51 Hun, 355, 3 N. Y. Supp. 433; McMahon v. Beekman, 65 How. Pr. 427.   The corporation having failed to avail itself of the remedies prescribed by law in cases of illegal assessments for taxation, it is now too late to question either the quantum or the validity of the tax.   People v. Wall Street Bank, 39 Hun, 528, 529, and cases cited.   In that case Davis, P. J., delivering the opinion of the

court, says: 'The law is thoroughly well settled in this state that the proceedings of the commissioners of taxes and assessments in making assessments for the purposes of taxation, and of the city authorities in levying taxes based on such assessment, are judicial in their nature, and can only be reviewed or questioned in courts by writs of certiorari prosecuted by the parties aggrieved or affected.' See, also, In re McLean (Sup.) 6 N. Y. Supp. 230; Ex parte Columbian Ins. Co., 3 Abb. Dec. 239. The case of Central Trust Co. v. New York, C. & N. R. Co., 110 N. Y. 250, 18 N. E. 92, is a direct authority for the application which is made in this instance, and, inasmuch as the state is entitled to preference over individuals, the creditors of the insolvent corporation have no reason to complain if the debt created by the assessment and tax is directed to be paid. Ordered accordingly."