Matter of McMahon.

pleads guilty it is not necessary that there should be any conviction. The subsequent section (722) gives a form which need only be followed substantially.

We think the order appealed from should be reversed, and the prisoner remanded to the penitentiary.

## SUPREME COURT.

In the Matter of the Petition of MARTIN T. McMAHON, as receiver of taxes, to enforce the payment of a tax for personal property, imposed upon JOHN W. JONES and BENJAMIN P. FAIRCHILD, as administrators, &c., of WILLIAM TYSON, deceased.

*Taxes and assessments — Personal tax — Individual and personal liability of executors and administrators for such taxes.*

The individual property of an executor or administrator may be taken for a tax imposed upon him in his representative character when no property of the testator can be found. And when no goods or chattels are found in the possession of the person so taxed upon which said tax might be levied by distress and sold according to law, the payment of the tax may be enforced pursuant to section 857 of the New York consolidation act (*Laws of* 1882).

That the estate had been settled by a decree of the surrogate before these proceedings were instituted is no answer to the proceedings. The tax was imposed before such settlement took place, and it was the duty of the administrators before making a distribution under the decree to ascertain what the liabilities of the estate were, whether for taxes or otherwise.

Where there is no error in making the assessment upon the administrators, it is no answer that they did not know of the imposition of the tax.

It is too late to question the quantum of a tax after proceedings have been commenced under section 857 of consolidation act.

Where the administrators had an estate in their possession which was subject to taxation here, their failure to ascertain whether it had been so taxed previous to the distribution of such estate does not present a case for either legal or equitable interference.

*New York Chambers, April,* 1884.
VOL. LXVII 15

THE assessment was imposed under 2 Revised Statutes, chapter 12, title 2, article 1, section 5, and article 2, section 10 (*See* 2 *R. S.* [*Bank's ed.*], *pp.* 989–991). The proceedings were brought under section 857 of the New York city consolidation act (*Laws*, 1882).

*John J. Townsend, Jr.*, for receiver.

*Orlando L. Stewart*, for respondents.

LAWRENCE, *J.* — This proceeding is brought to enforce the payment of a tax imposed upon the respondents as administrators of William Tyson, deceased, in the year 1881. The petition of the receiver of taxes is in the usual form, setting forth an assessment in the sum of $100,000, the advertisement of the fact that the books of the commissioners of taxes and assessment were open for examination and correction ; the certification of the rolls by the commissioners to the board of aldermen, as required by law ; the publication of the notice that such rolls had been finally completed and delivered to the aldermen, and that thereafter the aldermen imposed the tax in question upon the respondents. It is then among other things alleged that the assessment-rolls were delivered to the petitioner as receiver of taxes ; that he gave public notice in the newspapers as required by law ; that the tax being unpaid, a warrant was delivered to one of the marshals of the city and county of New York, for the collection thereof ; that the same has been returned unsatisfied, and that there are no goods or chattels in the possession of the person so taxed, upon which said tax might be levied by distress and sale, according to law ; wherefore, petitioner prays that the payment of the tax may be enforced pursuant to statute.

Mr. Fairchild, the administrator, makes two affidavits in reply to the petition. In the first he states that the deceased resided and died in Passaic county, New Jersey ; that he had some personal effects here when he died ; that deponent had no notice of any tax upon the lists in this city, supposing that

the deceased, being a resident of New Jersey, was taxed there and could not be taxed in this state ; that in the decree of distribution no provision was made for any such tax; that the deceased died May 23, 1880, and that letters were taken out by the deponent July 1, 1880. In the second affidavit he states that the total amount of the inventory filed in the office. of the surrogate of the county of New York of the said estate. was the sum of $113,435.32, and that "the debts due and. payable therefrom at the time amounted to the sum of $64,366.51, leaving of the assets embraced in said inventory the sum of $49,068.81, and upon the same only a tax is due and payable to the city of New York;" that the amount of said tax at the tax rate legally chargeable for the year 1881, set forth herein, would be $1,310, instead of the sum of $2,620, which was duly charged, and wherefore he prays for a reduction of the tax. There is no force in the argument of the respondents' counsel that the estate had been settled by a decree of the surrogate's court before these proceedings were instituted. The tax, it appears, was imposed before such settlement took place, and it was the duty of the respondents, before making a distribution under the decree, to ascertain what the liabilities of the estate were, whether for taxes or otherwise. There is also no force in the statement that the respondents did not know of the imposition of the tax. Every one is presumed to know the law, and it appears by the petition, and it is not denied by the affidavits of the respondents, that all the steps required by law to be taken in and about the assessment and imposition of the tax were duly taken in this instance. There was no error in making the assessment upon the administrators (*See* 2 *R. S.*, 989, *secs.* 1 *and* 5 [*Banks' 7th ed.*]; *Id.*, 989, *sec.* 8, *subd.* 10).

It is also too late now to question the quantum of the tax. (*See Smyth* agt. *International Life Ins. Co.*, 35 *How. Pr. Rep.*, 126). I do not concur in the view of the learned counsel for the respondents, that I am authorized, under section 861 of the consolidation act (*see Laws of* 1882, *p.* 235), either to

dismiss the proceedings conditionally or to reduce the tax. There are no facts presented which would justify me in doing so. The tax, as before stated, was legally imposed. Every notice which the law required to be given of its imposition was given, and all that appears is that the respondents neglected to inform themselves of what the law required. They had an estate in their possession which was subject to taxation here; their failure to ascertain whether it had been so taxed does not present to my mind a case for either legal or equitable interference (*See McMahon* agt. *Sullivan, Daily Register,* April 15, 1884; *McMahon* agt. *Brown, Daily Register,* March 18, 1884). For these reasons I am of the opinion that the prayer of the receiver should be granted and the payment of the tax enforced.