In the Matter of the Petition of GEORGE McLEAN, Receiver
of Taxes, to Enforce Payment of a Tax, etc.

*Supreme Court, First Department, General Term, July 9, 1889.*

1. *Taxes.  Corporations.*—In a proceeding against a corporation, under
   § 857 of chap. 410, Laws of 1882, to enforce payment of a tax on its
   personal property by fine, no defense can be made on the ground that
   the tax is excessive, when due notice of the assessment has been given,
   and no objection was interposed at the time by the corporation, nor
   any attempt made to correct the tax.
2. *Same.   Notice.*—After due notice has been given, and an opportunity
   afforded to the corporation to be heard, it is chargeable with knowledge
   of the subsequent proceedings to complete the tax.
3. *Same.   Certiorari.*—The remedy, in case of erroneous action on the
   part of the board of alderman, is by writ of *certiorari.*
4. *Same.*—The correctness of a tax cannot be questioned on proceed-
   ings taken to enforce its collection.

Appeal from an order imposing a fine on a corporation
for the non-payment of a tax imposed on it for personal
property.

*Charles B. Meyer*, for appellant.

*George S. Coleman*, for respondent.

DANIELS, J.—The appeal in this proceeding has already
been before this general term and decided, but a re-argu-
ment was ordered on account of a misapprehension concern-
ing the existence of a previously repealed section of chapter
410 of the laws of 1882, providing for the means of correct-
ing the tax after it had been imposed.   The proceeding was
instituted, as it has been provided for by section 857 of this
act, and it has been carried on in conformity to the require-
ments of this section.   But it was resisted on the ground

that the tax was larger by the sum of $125.32 than the corporation was liable to pay on account of its personal property.

It does, however, appear that the notices required to be published by law to legalize the assessment were given, as that was directed to be done by the statute. In that manner, the company was made a party to the proceedings, which appear to have been regular up to the time of the completion of the rolls, and their delivery to the common council, whose sole duty then was to fix and extend the tax. In this manner the company was apprised of what was being done to tax its personal property, and it was not necessary that notice should be given to it, either by publication or, otherwise, of the proceedings the law required to be taken by the common council, or board of aldermen.

In this respect the case differs from Stuart v. Palmer (74 N. Y. 183), where the assessment, which was condemned, was provided for throughout without any notice whatever to the parties whose property should be affected by it, for in this case the company was supplied with notice by publication of the proceedings for the assessment itself, and afforded an ample opportunity of appearing and resisting that, if, in any respect, it had been illegally made. It was in that manner made acquainted with the proceeding the law provided for, to make a regular and valid assessment of its property for taxation, and it is chargeable with knowledge of the provisions of the statute relative to what should afterwards be done to complete the imposition of the tax. And that was the proceedings of the board of aldermen, to provide for, and to state the amount of, the tax according to the assessed value of the company's property, which it should be required to pay. And from the notice, as well as the proceedings which previously took place, if the company desired to acquaint itself with what was done by the board of aldermen, and whether in its action any misconduct or error should intervene, it had the opportunity

of so doing. As the law existed upon this subject, it was clearly prescribed what the board of alderman should do, and the company, by observing, watching or informing itself of the proceedings, was supplied with the means of protecting itself against any larger imposition of the tax than would be justified by the assessment. In this respect the proceeding is quite similar to that provided for by the general system of taxation throughout the state. Notice of the assessment is required to be given, and the opportunity, as was the fact in this proceeding, is afforded to the owners of property to appear before the assessors and secure a correction of any improper valuation in the assessment, and after that, and the completion of the roll in the form prescribed by the statute, then the duty is imposed upon the supervisors of the county to state and extend the tax.

No further notice whatever is required to be given, or provided for the property owner of this final proceeding of the supervisors. 1 Rev. Stat. (6th ed.), 942, 943. But the owner of property assessed being apprised of the assessment, and afforded the opportunity and means of correcting that, is then subjected to the duty of following and watching the proceedings, if he desires to do so, in order to avoid the disability of too large a tax, according to the valuation of his property. The proceeding was similar in material respects in the imposition and extension of this tax ; and after it was imposed, and the rolls in this manner completed, the only mode by which the action of the board could be corrected or changed, in case of erroneous action on the part of the board of aldermen, was by a writ of *certiorari*. This has been provided for by section 2120 of the Code of Civil Procedure. And that it may be resorted to in a case of this description, is sustained by the preceding authorities, the result of whose decisions has not been changed. Susquehanna Bk. *v.* Supervisors, etc., 25 N. Y. 312, 315 ; Baldwin *v.* City of Buffalo, 35 Id. 375, 380 ; People *v.* Wall Street Bk., 39 Hun, 525.

After a tax has been imposed upon the property of a contestant in this manner, and proceedings are taken upon its basis to enforce its collection, the legal correctness of the tax itself cannot be questioned in such proceedings. Upon this subject it has been repeatedly held, that the proceedings cannot be attacked, or set aside collaterally, as it is now proposed to do. Buffalo, etc., R. R. Co. *v.* Supervisors, etc., 48 N. Y. 93; Mayor, etc., *v.* Davenport, 92 Id. 604, 610, 611; Matter of McLean *v.* Jephson, 41 Hun, 479; Matter of McMahon, 67 How. 113; Smyth *v.* International Co., 35 How. 126. The case is analogous to that of a judgment which may be recovered on the default of the defendant, after the service of a summons upon him.

If it should be entered for too large a sum he would not be at liberty to resist the collection upon execution by proving this fact. The judgment on the contrary would be conclusive against him, and yet he would be no more bound in that case than the company is in this. For the proceeding was judicial which resulted in this tax, and if an error has intervened in producing an amount larger than the tax should have been, it was the duty of the company to watch the proceedings, and when that proved to be the fact, to present its objection, and if it were not allowed to prevail, then to review the decision against it by *certiorari*.

The case is not one where there was any want of jurisdiction, but if the tax was made larger than it should have been upon the assessed value of the company's property, it was as the fact has been stated in the answer of the company, erroneously imposed to that extent. The time for correcting that error has gone by, and the order should be affirmed, with ten dollars costs, besides the disbursements.

VAN BRUNT, Ch. J., and BARTLETT, J., concur.