### PEOPLE v. MANHATTAN FIRE INS. CO.

(Supreme Court, Special Term, New York County.   January 18, 1890.)

1. TAXATION—FAILURE TO USE REMEDY PRESCRIBED IN CASES OF ILLEGAL ASSESSMENTS.
     Where a corporation has failed to avail itself of the remedies prescribed by law in cases of illegal assessments for taxation, it cannot afterwards question either the quantum or the validity of the tax.

2. SAME—CLAIM OF STATE AGAINST INSOLVENT CORPORATION.
     As the claim of the state for the payment of taxes is paramount, the creditors of an insolvent corporation have no reason to complain if the debt created by the assessment and tax is directed to be paid.

Application by the people against the Manhattan Fire Insurance Company for the payment of certain taxes.   To the report of the referee, defendant excepts.   Exceptions overruled.

Eugene M. Berrard, for petitioner.

John J. Townsend, Jr., for receiver of taxes.

LAWRENCE, J.   I am of the opinion that the report of the referee in this case should be confirmed, and the exceptions taken thereto overruled.   The status of the corporation as to its liability for

taxation became fixed on the second Monday of January, 1888. People v. Commissioners of Taxes & Assessments, 91 N. Y. 602; Sisters. of Poor of St. Francis v. Mayor, etc., of New York, 112 N. Y. 677, 20 N. E. 417; Id., 51 Hun, 355, 3 N. Y. Supp. 433; McMahon v. Beekman, 65 How. Prac. 427. The corporation having failed to avail itself of the remedies prescribed by law in cases of illegal assessments for taxation, it is now too late to question either the quantum or the validity of the tax. People v. Wall St. Bank, 39 Hun, 528, 529, and cases cited. In that case Davis, P. J., delivering the opinion of the court, says:

"The law is thoroughly well settled in this state that the proceedings of the commissioners of taxes and assessments in making assessments for the purposes of taxation, and of the city authorities in levying taxes based on such assessments, are judicial in their nature, and can only be reviewed or questioned in courts by writs of certiorari prosecuted by the parties aggrieved or affected."

See, also, In re McLean (Sup.) 6 N. Y. Supp. 230; In re Columbian Ins. Co., 3 Abb. Dec. 239.

The case of Central Trust Co. v. New York City & N. R. Co., 110 N. Y. 250, 18 N. E. 92, is a direct authority for the application which is made in this instance, and, inasmuch as the state is entitled to preference over individuals, the creditors of the insolvent corporation have no reason to complain if the debt created by the assessment and tax is directed to be paid.

Ordered accordingly.