(81 App. Div. 622.)

### CITY OF NEW YORK v. McCALDIN BROS. CO.

(Supreme Court, Appellate Division, First Department.   April 9, 1903.)

1. TAXATION—NEW YORK CITY CHARTER—PERSONAL TAX—ACTIONS—DISMISSAL
   FOR INABILITY TO PAY.
   Greater New York Charter (Laws 1897, p. 332, c. 378) § 930, authorizes
   the receiver of taxes to apply to the Supreme Court to enforce personal
   taxes, and authorizes the court to impose a fine for refusal to pay, to-
   gether with expenses of "the proceeding."   Section 933 charges the cor-
   poration counsel with the prosecution of "all suits or proceedings" for the
   collection of such taxes.   Section 934 authorizes the court in which any
   such "proceeding" is commenced to dismiss the "proceeding" in any case
   where it shall be satisfied that the persons. taxed are unable, for want
   of property, to pay the taxes; and section 936 provides that any tax
   duly imposed on personal property may be recovered by the receiver of
   taxes "in an action" in any court of record within the state.   Held, that
   the authority of the court to dismiss for inability of the person assessed
   to pay the taxes was limited to "proceedings" brought to compel pay-
   ment of taxes assessed, and did not extend to an "action" under section
   936 to recover such taxes.

Appeal from Trial Term, New York County.

Action by the city of New York against McCaldin Bros. Company.
From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON,
O'BRIEN, and INGRAHAM, JJ.

Martin Saxe, for appellant.
William L. Turner, for respondent.

INGRAHAM, J.   The action was commenced on July 20, 1898,
to recover a personal tax assessed against the defendant, a domestic
corporation, for the year 1896.   The court found that in the year 1896
the defendant was duly assessed for the purposes of taxation as a
moneyed or stock corporation in the sum of $40,000; that such assess-
ment was duly made in the city of New York, and that said defendant
then resided in said city; that said assessment was duly confirmed,
and a tax for the year 1896 was duly imposed upon the defendant for
the sum of $856; that "on the second Monday of January, 1896,
the capital and surplus (or personal property) upon which it was as-
sessable, after making all the deductions required to be made by
law, did not exceed the sum of twelve hundred and thirty-five ($1,235)
dollars, and the tax extended against the said sum at the rate for said
year 1896, to wit, 2.19, amounts to twenty-seven dollars and four one-
hundredths dollars ($27.04)"; that the defendant is wholly unable to
pay said tax for the want of property; whereupon the court dismissed
the action upon payment by the defendant of such part of the tax and
costs as were just, finding as a conclusion of law that the facts found
justified the exercise of such discretionary power, and that the tax in
question should be reduced to $27.04, and that the complaint should
be dismissed upon payment of that sum and costs; and from that
judgment the plaintiff appeals.

This action is governed by the charter of 1897 (chapter 378, Laws
1897).   Section 930 of that act provides that the receiver of taxes may
make application to the Supreme Court to enforce payment of a tax

upon personal property, and the court may impose a fine for a refusal to pay the tax sufficient in amount for the payment thereof together with the expenses of the proceeding. Section 933 of the charter provides that the corporation counsel shall be charged with the prosecution of "all suits or proceedings in any court having jurisdiction for the collection of all cases of personal taxes sent to him by the receiver of taxes." Section 934 contains the provision under which the court dismissed this action. It is there provided that:

"The court in which any proceeding may be commenced to enforce the payment of any tax for personal property may dismiss the proceeding absolutely without costs, or conditionally, upon the payment of costs, or may, on the facts, in its discretion, dismiss such proceedings on the payment of such part of the tax and costs as shall be just, in any case where it shall be satisfied that the person or persons taxed are unable, for want of property or other reason, to pay any tax."

Section 936 provides that:

"Any tax duly imposed for personal property upon any person or corporation in the city of New York, and which shall remain unpaid and in arrears on the fifteenth day of January succeeding the year in which it shall have been imposed, may be recovered, with interest and costs, by the receiver of taxes of said city in the name of the city, in an action in any court of record in this state."

These provisions were first enacted by chapter 230, p. 314, of the Laws of 1843, and chapter 334, p. 750, of the Laws of 1867. By section 12, art. 2, c. 230, p. 320, of the act of 1843, the receiver of taxes was authorized to make an application to the court of common pleas of the county or the Supreme Court to enforce the payment of taxes, and by section 13 of that act the court was authorized to impose a fine sufficient in amount for the payment of the taxes assessed and the costs and expenses of the proceedings authorized by the act to enforce such payment; and this provision has been continued by the consolidation act (chapter 410, p. 1, Laws 1882) and by the charter of 1897.

By chapter 334, p. 750, of the Laws of 1867, a bureau was created in the finance department, the chief officer of which was the attorney for the collection of arrears of personal taxes. By section 4 of that act he was charged with the prosecution of all suits or proceedings in any court having jurisdiction for the collection for all cases of personal taxes in said city. Section 5 provides that the court in which any proceeding may be commenced to enforce the payment of any tax for personal property may in any case where it shall be satisfied that the person or persons taxed are unable, for want of property, to pay any tax, dismiss the proceeding absolutely, without costs, or conditionally, upon payment of costs, or dismiss such proceeding on the payment of such part of the tax and costs as shall be just. By section 11 of that act a cause of action is given to the city of New York for the recovery of any tax duly imposed for personal property upon any person or corporation in the city of New York which shall remain unpaid and in arrears on the 15th day of January succeeding the year in which it shall have been imposed. And these provisions of the statute were likewise continued by the consolidation act and by the charter of 1897. By the tax law the payment of personal taxes

may also be enforced by proceedings similar to a proceeding supplemental to execution.

The only question in this case is whether this provision in section 930 of the charter applies to an action to recover a tax brought under the provisions of section 936 of the charter. Under the charter of 1897 the only proceeding under which a tax imposed upon personal property could be collected, where the marshal, acting under the warrant issued by the receiver of taxes, was unable to find any personal property of the delinquent taxpayer, which, by distress and sale, could be applied to the payment of the tax, was the contempt proceeding authorized by section 930. Section 934 modifies the harshness of this proceeding by authorizing the court to dismiss it in case the delinquent is unable to pay the tax. In these sections a distinction is made between suits or actions and proceedings; for by section 4 of the act of 1867 the attorney for the collection of arrears of personal taxes was charged with the prosecution of all suits or proceedings for the collection for all cases of personal taxes in said city. The subsequent section of the statute, which authorizes an action for the collection of taxes to be brought by the city, is not connected with section 5 of the act, which authorized the court to dismiss the proceeding; and the authority for the court to dismiss the proceeding does not seem to have been intended to be applicable to an action. This distinction is carried out through all the revisions which have continued this provision in force to the charter of 1897. Section 930 of the charter expressly designates this application for the imposition of a fine as the proceeding "authorized by this title," and it is also so designated in section 931; and the subsequent section 934, which provides that the court in which any proceeding may be commenced to enforce payment of any tax for personal property may dismiss the proceeding, would not be applicable to an action commenced to recover a sum of money. There is such a difference between the nature of a proceeding which would result in the imprisonment of the delinquent and an action at law as would justify the Legislature in making this distinction. Under the provisions of this statute, when a delinquent could satisfy the court, when the application to enforce payment of the tax was made, that he was then without means, the court was authorized to dismiss the proceeding. Where, however, the tax was enforced by an action, if the defendant was without means to pay the tax, the judgment would remain, and could be enforced when the delinquent was able to pay. The language used, "to dismiss the proceeding," would be inapplicable to the entry of a judgment for the amount of tax that the defendant was able to pay. Considering the language used in the original act of 1867, which has continued down to the charter of 1897, and the distinction there made between actions or suits and proceedings, and that this discretion, which is vested in the court, is confined to a proceeding, and not expressly extended to an action, I think it was intended to limit this discretion to a proceeding authorized by the act of 1843, which was then still in force; and that when the city elected to sue for the recovery of a tax the plaintiff was entitled to a judgment for the amount due if the tax was legally imposed.

It follows that the judgment appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur; PATTERSON, J., in result.