(44 Misc. Rep. 509.)

CITY OF NEW YORK v. HOLZDERBER.

(Supreme Court, Special Term, New York County. July, 1904.)

1. TAXATION—ACTION TO RECOVER TAX—DISMISSAL.

Greater New York Charter (Laws 1901, p. 395, c. 466) § 934, as amended by Laws 1904, p. 1476, c. 624, authorizes an order dismissing an action to enforce a personal property tax in the city if defendant has an equitable defense. *Held*, that where the moving paper simply denied that defendant was liable for an assessment for the year in question, and stated that he had never before been taxed on his personalty, and received no notice of the assessment until long after the time for correcting the assessment rolls, and had no personal property subject to taxation, but not stating that defendant was unable to pay his tax, there was no ground for dismissing the action.

Action by the city of New York against Charles F. Holzderber to recover personal property tax. Motion to dismiss denied.

John J. Delany, Corp. Counsel (Richard H. Clark, Jr., of counsel), for plaintiff.

Niles & Johnson, for defendant.

BLANCHARD, J. This action is brought to recover the sum of $926.33 personal taxes assessed against the defendant for the year 1901, and defendant moves, under chapter 624, p. 1476, of the Laws of 1904, amending section 934 of the Greater New York Charter (Laws 1901, p. 395, c. 466), for an order dismissing the action either absolutely with-

out costs or upon the payment of costs. It was not the purpose of the Legislature, in enacting the law in question, to furnish a means for delinquent taxpayers to avoid payment of their just taxes, but it was enacted for the purpose of permitting or enabling those having an equitable defense to the assessment or payment of the tax to appear before the court and be heard on the question of what is right and fair for the court to do under the circumstances of each case. The language of the act is as follows:

"The court in which any suit or proceeding may be commenced to enforce the payment of any tax for personal property, may, on motion of either party, dismiss the suit or proceedings absolutely without costs, or conditionally, upon the payment of costs, or may, on the facts, in its discretion, dismiss such suit or proceedings on the payment of such part of the tax and costs as shall be just, in any case where it shall be satisfied that the person or persons taxed are unable, for want of property, or other reason, to pay any tax or have an equitable defense to such suit or proceedings."

Section 934 of the Greater New York Charter was derived from section 861 of the consolidation act of 1882 (Laws 1882, p. 235, c. 410) as amended, and authorized the court, upon a proceeding brought to enforce the payment of a tax for personal property, to dismiss the proceeding upon the payment of such sum as, in its judgment, should be just "in any case where it shall be satisfied that the person or persons taxed are unable, for want of property, or other reason, to pay any tax." In City of New York v. McCaldin Bros. Co., 81 App. Div. 622, 81 N. Y. Supp. 419, affirmed on opinion below 176 N. Y. 588, 68 N. E. 1115, it was decided that section 934 did not apply to actions brought to recover the amount of taxes upon personal property under section 936, but was confined to a contempt proceeding instituted under section 930 of the charter (Laws 1897, p. 332, c. 378). To avoid this narrow application, the Legislature enacted chapter 624, p. 1476, Laws 1904, amending section 934 so that it relates to a "suit" as well as to a "proceeding." . In the portion of the statute already quoted the Legislature inserted the following words: "or have an equitable defense to such suit or proceeding," so that the statute now empowers the court to grant relief when for any reason the person is unable to pay the tax, or has an equitable defense to the suit or proceeding. A question arises as to the meaning of the words "equitable defense." Under a familiar rule of statutory construction the Legislature is deemed to have used words which have a clear legal meaning in their technical sense, unless the context plainly indicates a different meaning. Section 507 of the Code of Civil Procedure authorizes the defendant in an action to interpose any defense he may have, either legal or equitable. It has been held under this section that the words "equitable defense" mean a defense which a court of equity would recognize, or a defense founded upon some distinct ground of equitable jurisdiction. McCreery v. Day, 119 N. Y. 1, 23 N. E. 198, 6 L. R. A. 503, 16 Am. St. Rep. 793. In Susquehanna Bank v. Supervisors of Broome County, 25 N. Y. 312, Denio, C. J., said (page 314):

"The question has often been before the courts, and there has been a steady course of adjudication to the effect that a bill to restrain the collection of a tax would not lie unless the case were brought within some acknowledged head of equity jurisprudence."

In 7 Encyclopædia of Pleading & Pr. p. 799, an equitable defense is thus defined:

"An equitable defense in an action at law is a defense based upon equitable grounds; that is, grounds which, under the separate administration of law and equity, were formerly cognizable only in courts of equity."

Prior to the amendment of section 934 of the charter in 1904, the Court of Appeals, in Mercantile Nat. Bank v. Mayor, in 172 N. Y. 35, 64 N. E. 756, discussed the jurisdiction of equity in cases involving the law of taxation. The bank alleged that its share stock was assessed at its actual value, while real estate was assessed at only a portion of its actual value, and therefore sought the aid of a court of equity to correct the injustice which could not be reached by a writ of certiorari. The court conceded that certiorari would not avail, and that equity could be invoked when no relief could be had at law. It decided, however, upon the facts before it, that the action of the court must be based upon some well-known ground of equitable jurisdiction, such as fraud, accident, or mistake. The conclusion of the court was thus expressed (page 49, 172 N. Y., page 761, 64 N. E.):

"Equity will go far to afford relief in cases of mistake, or for the prevention of fraud, or to secure to the citizen the equal protection of the laws; but it is not its province to interfere with the collection of a tax in a case where the grievance assigned does not relate to some question of fraud, or of illegal discrimination or classification."

The amendment of 1904, in so far as it authorizes an equitable defense in a "suit" to enforce a tax, is perhaps unnecessary, since the Code already provided for such defense. But the provision is now made expressly applicable to both suits and "proceedings." In Matter of McMahon, 67 How. Prac. 113, affirmed 1 How. Prac. (N. S.) 270, Mr. Justice Lawrence, in a proceeding under section 857 of the consolidation act, said that want of knowledge of the imposition of a tax was not a defense, either legal or equitable. It would therefore seem that want of notice would not be a sufficient ground for relief under this section, but that it was intended to make clear the remedy of a defendant where a tax had been imposed by a mistake, resulting in illegal discrimination. It is true that the statute is a remedial one, and should be liberally construed, but there is nothing in the language used which indicates an intention to extend the meaning of the word "equitable" beyond that which the courts had given it when used in section 507 of the Code. Unless the new provisions of the charter are applied with careful consideration, there is danger that the assessing officers may become lax in their efforts to ascertain the value of the taxpayer's personal property, and that the taxpayer may become careless about applying for information and relief while the books are open for correction. The result would be an increase in the amount of personal taxes likely to become uncollectible. The provisions of section 897 of the charter afford appropriate relief for persons prevented by absence or illness from making timely application to the board of taxes and assessment. It would be unfortunate if a loose construction of section 934 should extend relief to every case where an assessment was higher than it should have been. Reading the section in the light of its origin (Laws 1867, p. 751, c. 334, § 5), the obvious purpose was to relieve from fine or imprisonment a

person unable for want of property to pay any tax. As amended it applied to persons unable "for other reason" than want of property to pay any tax. Fine or imprisonment for nonpayment of taxes has been abolished (Laws 1897, p. 809, c. 766; Laws 1898, p. 141, c. 79), and as the law now stands the delinquent taxpayer should not be relieved unless he is unable to pay the whole or part of the tax, or has such a meritorious defense to the suit for collection that a court of equity would recognize his claim for cancellation or reduction. Defendant, in his moving papers, fails to meet such requirement of the statute as would entitle him to equitable relief. He merely denied his liability to assessment for taxes upon his personal property for the year mentioned, and alleges that prior to said assessment he had never been assessed upon personal property, and that his name had never appeared upon the annual record of assessed valuations on real and personal estates in the city of New York for the purpose of taxation. He also alleges that he never received any notice that he had been assessed on personal property for the year 1901, and that the first notice he received of said assessment was a notice from the marshal received long after the time allowed by law to have said assessment-roll corrected and said assessment removed therefrom had expired. He then alleges that he had no personal property subject to taxation on the second Monday of January, 1901, and that his debts at that time nearly equalled the value of his personal property. He does not state that he is now unable to pay the tax, and the language of the act requires that the court shall be satisfied that the person or persons taxed are unable, for want of property or other reason, to pay any tax, or have an equitable defense to such suit or proceeding. It thus appears that inability to pay is one of the grounds specified in the act for the intervention of the equity powers of the court. I am of the opinion that the present application should be denied, but with leave to renew on further papers.

Motion denied, with leave to renew on further papers.