### In re OTTO FREUND ARNOLD YEAST CO.

(District Court, E. D. New York. April 18, 1910.)

BANKRUPTCY (§ 341*)—ALLOWANCE OF CLAIMS—TAXES—LEGALITY—DETERMINATION.

> Under Bankr. Act July 1, 1898, c. 541, § 64a, 30 Stat. 563 (U. S. Comp. St. 1901, p. 3447), providing that the court shall order the trustee to pay taxes legally due and owing by the bankrupt, and in case any question arises as to the amount or legality of any such tax the same shall be heard and determined by the court, the court of bankruptcy was authorized to refuse to allow a claim for personal taxes on the ground that the property supposed to be taxed did not actually exist, though the statutory legality of the tax from the standpoint of regularity could not be raised.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 516, 528; Dec. Dig. § 341.*]

In the matter of bankruptcy proceedings against the Otto Freund Arnold Yeast Company. Application for the allowance of a claim for personal taxes assessed against the bankrupt. Disallowed.

Thomas G. Prioleau, for petitioner.

Archibald R. Watson, Corp. Counsel, for City of New York.

---

CHATFIELD, District Judge. The bankrupt was adjudicated upon the 11th day of February, 1909, upon a petition filed January 27, 1909. There appears upon the tax lists of the city of New York a personal property tax, which became a lien under the law upon the second Monday (or the 11th day) of January, 1909, amounting to $88.76, upon a valuation of $5,000.

It is evident, from the showing of liabilities and assets in connection with the property converted by the trustee into funds for the payment of creditors, that the corporation was hopelessly insolvent several months before the date upon which this tax became a lien. The particular tax in question was for the year 1909, and it was plainly inequitable from the standpoint of the financial condition of the corporation, and illegal if judged from the standpoint of taxable property. The tax was regularly assessed and levied, and was neglected up to a time when under the state law no review or defense to the legality of the tax could be had, even if creditors in insolvency proceedings denied the taxable liability of the company at the time the tax was imposed. People v. Manhattan Fire Ins. Co. (Sup.) 59 N. Y. Supp. 1007.

Under the provisions of section 64a of the statute (Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3447]), any question as to the amount or legality of a tax shall be heard and determined by the bankruptcy court. The case of New Jersey v. Anderson, 203 U. S. 483, 27 Sup. Ct. 137, 51 L. Ed. 284, determines the meaning of this section, and approves of the disallowance of such part of a tax as may have been assessed on nontaxable or nonexisting property, even if regularly assessed and beyond dispute under the state law. The Supreme Court says:

"Coming to the specific objections to the claim for the year 1902, the claim was presented upon the basis of $40,000,000 of outstanding capital stock, when in fact there was only $10,000,000 of such stock; the assessment by the state board being upon the former sum and made upon the failure of the corporation to report. But we do not think the finding of the state board is conclusive. The tax is to be assessed upon capital actually outstanding. It may well be doubted whether the board had power to tax any other stock. But, be that as it may, section 64a specifically provides that, in case any question arises as to the amount or legality of taxes, the same shall be heard and determined by the court, with a view to ascertaining the amount really due. We do not think it was the intention of Congress to conclude the bankruptcy courts by the findings of boards of this character, and that the claim should have been upon the basis of the capital stock actually outstanding."

It is unnecessary to discuss the possible ways by which an individual or corporation might attack or attempt to be relieved from an illegal tax under the state statute. It is evident that the statutory legality of the tax from the standpoint of regularity cannot be raised. The only issue is as to whether, in fact, the property supposed to be taxed, actually existed.

As decided by the referee in bankruptcy in the Case of the Selwyn Importing Co., 18 Am. Bankr. Rep. 190, the assessment can be investigated, and if the city of New York wishes to contest the allegations of the trustee in bankruptcy, a reference will be ordered; otherwise, the claim for personal tax will be disallowed.