## In re CLAYTON MAGAZINES, Inc.

District Court, S. D. New York.
Jan. 21, 1935.

McManus, Ernst & Ernst, of New York City (Walter E. Ernst, Abraham I. Menin, and Arthur S. Simon, all of New York City, of counsel), for trustee.

Martin Conboy, U. S. Atty., and Elizabeth S. Rogers, Asst. U. S. Atty., both of New York City.

GODDARD, District Judge.

Petition to review an order of a referee in bankruptcy expunging the claim of the Collector of Internal Revenue for income taxes.

A voluntary petition in bankruptcy was filed on June 12, 1933; adjudication followed on June 17th. The Irving Trust Company was elected trustee on July 11th. On December 22, 1933, the collector filed a claim of $2,039.67 for additional taxes for the year 1931. On February 15, 1934, he filed a claim of $3,151.65 for 1926 taxes. On September 14, 1934, the trustee filed a claim for a refund for the amount of the alleged tax paid for 1931. The bankrupt had previously paid the sum of $3,741.47 as taxes for 1931 in four equal installments, to wit—on March 15, 1932, $935.36; on June 18, 1932, $935.36; on September 10, 1932, $935.37; on December 15, 1932, $935.-38.

It is conceded that there was no tax for the year 1931 as the taxpayer had no net income for that year; that it overpaid its tax for 1931 in the amount of $3,741.47. It is also conceded that the claim of $2,-039.67 for additional taxes for 1931 was properly expunged.

The trustee seeks no affirmative relief, but sets up as a defense to the proofs of claim filed . by the government the overpayment by the taxpayer of the alleged taxes for 1931. The government contends that as no petition for refund was filed until September 14, 1934, the bankrupt is entitled only to set off the last installment of $935.38 against the 1926 tax claim, on the ground that more than two years had expired between the time of the payment of the other installments and the filing of the claim for refund by the trustee. The position of the government is that a trustee should have proceeded in the tax department by petition for refund in accordance with the rules of the Treasury Depart ment, and that if the bankrupt or trustee did not file a petition for refund within two years of the overpayment, the right to recover such overpayment is barred. It is to be noted that at the time of the adjudication in bankruptcy the two-year period had not run as against any of the installments; also that the government filed its proof of claim against which the trustee seeks to offset the overpayment, less than two years after the payment of the several installments.

The provability of a claim depends upon its status at the time of the filing of the petition in bankruptcy.

The government has appeared in the bankruptcy court and filed its proof of claim which, while in the nature of a pleading, makes out a prima facie case, and the burden is upon the trustee to rebut it if it is in a position to do so. The proof of claim also contains a statement that there was no set-off.

It seems clear that where the government has filed a proof of claim for taxes which includes a statement that there is no set-off, that the court is authorized under section 64a of the Bankruptcy Act (11 US CA § 104 (a) to determine "all taxes legally due and owing by the bankrupt to the United States," particularly where the adjudication is less than two years after the overpayment. In the Matter of General Film Corporation, 274 F. 903, 904 (C. C. A. 2d Circuit) the court said, "The government's first proposition is that the only remedy open to the trustee for correcting any error is to pay the taxes and then proceed under Rev. St. 3226 (Comp. St. § 5949 [see 26 USCA §§ 1672–1673 note]) by appeal to the Commissioner of Internal Revenue and, if the Commissioner delay decision for more than six months, to bring suit," and referring to section 64 (a) of the Bankruptcy Act, continued:

"We regard this section as binding upon the government because it is named therein and, while conferring priority, as giving the bankruptcy court the power to hear and determine any question that arises as to the amount or legality of a tax assessed by it. The provision applies to taxes of all the persons mentioned, and we could not differentiate the government from the

other persons in the absence of language justifying it.

"But section 3226, U. S. Rev. Stat., could under no circumstances apply to the case under consideration because the trustee is not seeking to maintain a suit for the recovery of internal revenue taxes illegally assessed."

See, also, In re Otto Freund Arnold Yeast Co. (D. C.) 178 F. 305; In re W. P. Williams Oil Corporation (D. C.) 265 F. 401; In re Bradley (D. C.) 16 F.(2d) 301; In re Sheinman (D. C.) 14 F.(2d) 323.

The government bases its contention that a formal petition for refund should have been filed by the trustee within two years after the making of any payment for 1931 taxes upon section 322 and sections 608 and 609 of the Revenue Act of 1928, 26 USCA §§ 322, 1674 (a, b), 1675, but whatever the situation might be, in the event that the government had not filed a proof of claim within the two-year period and the trustee sought a recovery from the government, I think that under the circumstances now presented section 64a' is controlling and that this court has the authority to determine the amount of the taxes "due and owing."

Section 274 of the Revenue Act of 1928, 26 USCA '§ 274, seems to recognize that from and after the filing of the petition in bankruptcy there is a cessation of proceedings before the tax board and that the matter is subject to the jurisdiction of the court in which the bankruptcy proceeding is pending. Section 274 reads: "Claims for the deficiency and such interest, additional amounts and additions to the tax may be presented, for adjudication in accordance with law, to the court before which the bankruptcy or receivership proceeding is pending, despite the pendency of proceedings for the redetermination of the deficiency in pursuance of a petition to the Board; but no petition for any such redetermination shall be filed with the Board after the adjudication of bankruptcy or the appointment of the receiver."

It appears from the record that the petition for refund filed by the trustee on September 14, 1934, was merely an added precaution. I think this was unnecessary and that it does not affect the situation.

Accordingly, the petition to review the order of the referee should be denied and his decision expunging the claim of the government should be affirmed.